Opinion of the Court.
Kirkpatrick C. J.
This is an action on the case for words, and not guilty pleaded.
On the trial of the cause, the plaintiff, in support of his issue, offered to prove that the defendant had spoken the words laid in the declaration, fourteen or fifteen years before the bringing of this action, and also within eighteen months before the commencement of the suit; the two conversations being connected together.
To this evidence the defendant objected, and the objection was overruled and a bill of exceptions prayed and sealed.
In the further progress of the trial, the defendant proved by one John Newman, that he, the witness, had been prosecuted by the same plaintiff for speaking the same words laid in the declaration, and that he had compromised with the said plaintiff thereupon; and being then interrogated by the defendant as to *tlie terms of the compromise, and being about to state the same from memory, the plaintiff exhibited to him. a written paper, which upon inspection, the witness said contained the terms of the said compromise. The paper was then handed back to the plaintiff’s counsel, by the witness, with a request that he would read it, and he did read it to the jury accordingly. The defendant then asked the witness, whether he gave the plaintiff any compensation in money or otherwise, upon the said compromise.
This question the witness declined answering ; and the *372 question being insisted upon by the defendant, the court that he was not bound to answer. The plaintiff had made no objection to the question being put and answered, but the court themselves thought proper to protect the witness in what they supposed to be his rights.
To this decision also, of the court, there was a bill of exceptions prayed and sealed.
Upon the first of these bills the question which presents itself is, whether upon the general issue, the statutes of limitation can be given in evidence, (a)
It is not a little surprising that this question should be ' brought up at this day, by counsel learned in the law, and that before this court.
It is said by BlacJcstone, that the general issue or general plea, is a plea which denies at once the whole declaration, without offering any special matter to evade it; but that a special plea is one which does not deny the facts contained in the declaration, but alleges and sets forth other facts to distinguish away or palliate the charge; and that the sufficiency of these facts, so set forth, to avoid the action, is always matter of law to be decided by the court, whereas the general issue is always matter of fact to be decided by the jury.
The same thing is expressed by other writers, in different language. It is said that the general plea denies that the right of action, set, forth in the plaintiff’s declaration, ever existed, but that the special plea admits that it once existed,, but insists that it no longer exists, and states the facts by which it is suspended or taken away. Now if this be the true distinction between general and special pleas, it is manifest that the statutes of limitation must be of the latter kind.
He that would rely upon the statute for his defence, certainly *does not deny, nay he rather admits, that the plaintiff’s right of action once existed; but then he insists that it no longer exists, because it is taken away by the statute. This is not denying the facts stated in the *373 plaintiff’s declaration, but alleging new matter which exonerates him from the charge.
It would seem, indeed, from the case of Brown v. Hancock, read by the plaintiff in error, from Cro. Car. 115, in the fourth of Charles I., that there was then some doubt on the question. But in the case of Stile v. Finch, and also in the case of Hawkins v. Bilhead, in the same book, 381, 404, the point is expressly decided. And it is there said, “ Because there may be divers causes that the plaintiff could not bring the action sooner, as that he was in prison,” &c. “ and he is not obliged to shew such cause in his declaration, for if he should do so, the declaration would be more prolix than was convenient; but if the defendant pleads the statute, then the plaintiff in his replication, must shew good cause why he did not bring his action within the limited time,” &c.
The case of Gould v. Johnson, in 2 Ld. Ray. was also read by the plaintiff, but it is directly against him. It was in error from the Common Pleas, in an action of assumpsit, and it was assigned for cause that it appeared by the declaration itself, that the cause of action accrued more than six years before &c., and that therefore it was not necessary to plead the statute. Sed non allocatur. For in all cases the statute must be pleaded.
The same principle is laid down in every book of precedents and practice, and in every treatise which touches upon the subject, so far as I have been able to discover, from the passing of the act down till this day.
Then as to the question raised upon the second bill of exceptions.
Newman was the defendant’s witness; his testimony was the defendant’s evidence; the compromise which he proved was proved for the benefit of the defendant, (a) The writing being shewn by the plaintiff, and at the request of the witness, read by him does not alter the case; it was still the evidence of the defendant. When the witness declined answering further, the court, no doubt, perceiving that the whole of his testimony was altogether irrelevant, and therefore inadmissible, and *374 especially, that he was not obliged to disclose his private negotiations with, the *plaintiff, thought proper to protect him in his rights against the unreasonable demand of the defendant. In so doing it appears to me they were perfectly right.
I lay no stress upon the circumstance that the plaintiff made no objection ; for I think if the court had overruled lawful testimony against the defendant, whether on the motion of the plaintiff or not, it would be error. But here in my view of the case, none such was overruled.
Therefore let judgment be affirmed.
Southard J.
This was an action of slander. The declaration stated the slander to have been uttered within two years, and the defendant pleaded the general issue. On the trial,- the plaintiff offered evidence in chief, of the words as spoken fourteen or fifteen years before the trial. The defendant objected, because of the statute of limitations. The court overruled the objection, to which the defendant excepted.
It seems, upon the argument, to be admitted as the general doctrine at this day, that if a defendant would take advantage of the statute of limitations, he must give the plaintiff notice thereof by his plea; but it is urged, that this case presents an exception to this general rule, and that in slander, there is no necessity of pleading the statute, unless it appear upon the plaintiff’s declaration, that the words were spoken more than two years before the bringing of the suit.
I cannot perceive the force of this position, nor find either in the books or the arguments of the counsel, a sufficient reason to establish the exception contended for.
This reason is not to be found in the distinction which has been suggested, between actions for torts and actions upon contracts, between assumpsit and slander. That in the one, the cause of action remains and may be revived after the limitation has expired ; while in the other it is dead. The statute must be pleaded as well in the one as in the other; and the books furnish cases, not only where that position is laid down in torts, but precedents for the proper method of pleading it.
*375 The second ground of error is, the refusal of the court to compel one Newman, a witness, to answer certain ques- ■ tions. Newman had been sued by this same plaintiff, for the same slander. He testified that he had settled the action, and a paper *being handed to him by the counsel of the plaintiff, he said it contained the terms of settlement; and being asked if he had not received money from the plaintiff to induce him to settle, he refused to answer, and the court supported him in this refusal. And I think the court acted correctly. The whole testimoney was irrelevant and improper, and ought to have been rejected. The only doubt which I entertained on this subject, was, whether the court ought not, after the paper was read, to have admitted a full examination of the witness on this point, or to have overruled what was given in: and perhaps the most expedient course would have been, to have overruled what had been admitted. But of this the defendant cannot complain. It was his own testimony offered by himself; and neither solicited nor objected to by the plaintiff. The bill of exceptions presents the defendant in the singular position of introducing, without opposition, some testimony which was illegal, and then, because the court would not permit him to introduce more illegal evidence, taking exception against that wrhich he had already offered, (a)
I think the court judged rightly, and that their judgment must be affirmed.
Judgment affirmed.

 Sayres vs. Scudder, Pen. *54. Neafie vs. Ackerman, Pen. *562. Miller vs. Colwell, 2 South. 577. See Thorpe vs. Corwin, Spen. 311. Saltar vs. Saltar, 1 Hal. 405.

 Miller vs. Halsey, 2 Gr. 49. Gardner vs. Short, 4 C. E. Gr. 341. Wrege vs. Westcott, 1 Vr. 212. Den, Crowther vs. Lloyd, 2 Vr. 395.

 Skellinger vs. Howell, 3 Hal. 310. Brewer vs. Porch, 2 Har. 377. Guild vs. Aller, 2 Har. 310. Den, Boyd vs. Banta, Coxe 266, Brown vs. Bulkley, 1 McC. 294.